**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

TABITHA M. PALMER,

        Plaintiff,

  v.            1:20-CV-398
                (FJS/DJS)
CORA ITALIAN SPECIALTIES, *et al.*,

        Defendants.

_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

At the request of Plaintiff and Defendant Bottene F.lli S.N.C. ("Bottene"), a telephone conference was held before the undersigned on January 19, 2023. Plaintiff's counsel requested this conference to address a discovery dispute which has arisen regarding the deposition of corporate Defendant Bottene. Dkt. No. 71. The parties intend to conduct depositions of Bottene in Vincenza, Italy on February 1 and 2, 2023. In advance of those depositions, Plaintiff requested that Bottene provide corporate designees who are able to testify with respect to both jurisdictional and technical issues. In response, Defendant Bottene identified Alberto Bottene and Giovanni Bottene as knowledgeable corporate witnesses on those matters. Plaintiff, however, seeks specifically to depose Alessandra Bottene, the former legal representative and managing partner of Bottene, who has previously submitted declarations on the corporation's

behalf in this action. *See* Dkt. Nos. 28-2, 39 & 71. Counsel for Defendant Bottene opposes this request, noting that the declarations signed by Alessandra Bottene were provided more than two years ago, and she has since retired from the company and no longer possesses any ownership interest.[1] Dkt. No. 72.

The Court notes first that while Plaintiff's counsel may well be correct that Alessandra Bottene "is very likely to have discoverable information regarding jurisdictional issues and liability issues," Dkt. No. 71 at p. 1, the mere possession of such knowledge is not dispositive on the issue of whether she must be produced for a deposition. Federal Rule of Civil Procedure 30(b)(6) governs notice directed to an organization, and indicates that in response, "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." FED. R. CIV. P. 30(b)(6). This provision does not permit the party seeking to depose an organization to select its own preferred corporate designee, but rather clearly states that it is the responsibility of the named organization itself to designate a knowledgeable individual. *Id.*; *see also Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.,* 939 F. Supp. 2d 422, 430 (S.D.N.Y. 2013), *aff'd*, 2 F. Supp. 3d 499 (S.D.N.Y. 2014) (Rule 30(b)(6) "does not permit the party issuing the notice to select who will testify on the organization's behalf"). Those designated representatives "must be able to 'testify about information known or

---

[1] The remaining parties have not taken a position on this dispute.

reasonably available to the organization,' and must provide 'complete, knowledgeable and binding answers on its behalf.'" *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015) (quoting *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal citation omitted)). Courts within this Circuit have recognized that former managing agents who do not retain any power to exercise judgment and discretion over a corporation's affairs are often beyond the control of the organization. *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). Where there is no basis to conclude that the former employee continues to identify with the interests of the organization, directing the corporation to produce that individual is not appropriate. *Id.* at 237-38.

Counsel for Defendant Bottene stated on the record that Alessandra Bottene has retired from the organization and no longer holds any ownership interest. Counsel has further represented that Alberto and Giovanni Bottene will be appropriately prepared as 30(b)(6) witnesses to testify at these depositions, and the Court is aware of no authority which would compel the presence of a different representative based on these facts. *See Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003) ("[I]t is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party.")

Accordingly, Plaintiff's request to compel Defendant Bottene to produce Alessandra Bottene as a corporate witness is denied. If, however, Defendant Bottene

3

fails to produce adequately prepared corporate witnesses despite representations to the contrary, Plaintiff will not be left without recourse. "Courts treat the production of an unprepared Rule 30(b)(6) witness as 'tantamount to a failure to appear.'" *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. at 228 (quoting *Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007)). Such a failure to appear could provide grounds for sanctions pursuant to FED. R. CIV. P. 37.

**SO ORDERED.**

Dated: January 20, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge